1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

JORGE GUADARRAMA,

12

Petitioner,

13

v.

14

LARRY SMALL, Warden,

15

Respondent.

Civil No.   08cv2045-BTM (CAB)

**ORDER GRANTING APPLICATION
TO PROCEED IN FORMA PAUPERIS,
DENYING MOTION FOR STAY,
AND DISMISSING PETITION
WITHOUT PREJUDICE**

16      Petitioner, a state prisoner incarcerated at Calipatria State Prison in Imperial, California,

17 proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.

18 § 2241, together with a request to proceed in forma pauperis and a Motion for Stay.   Petitioner

19 seeks to have this Court stay ongoing state court criminal proceedings against him arising from

20 a charge of attempted murder of a correctional officer, which Petitioner allegedly committed

21 during a riot at Calipatria.   He contends he cannot receive a fair trial in Imperial County due to

22 biased jurors and judges, and seeks a change of venue.

23      Based on the information provided by Petitioner, the Court **GRANTS** the application to

24 proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action

25 without being required to prepay fees or costs and without being required to post security.

26      However, the Petition must be dismissed because it is clear that this Court is barred from

27 consideration of Petitioner's claims by the abstention doctrine announced in <u>Younger v. Harris</u>,

28 401 U.S. 37 (1971).   Under <u>Younger</u>, federal courts may not interfere with ongoing state

criminal proceedings absent extraordinary circumstances.  Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot.  Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue.  Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001).  The first two of these three criteria are clearly satisfied here, as Petitioner alleges that state criminal proceedings are ongoing and that the nature of the proceedings, criminal prosecution for attempted murder of a correctional officer, obviously involve important state interests.

With respect to the third prong, Petitioner must demonstrate that state criminal procedures "will not assure adequate vindication of constitutional rights."  Younger, 401 U.S. at 49. Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to present a constitutional challenge to the jury venire in Imperial County or to any particular panel or judge selected to try his case.  Indeed, Petitioner's claim that he is unable to empanel an impartial jury or be tried by an impartial judge is just the type of claim that the state courts provide an opportunity to present during the trial proceedings and on direct appeal.  Thus, all three of the Younger abstention criteria are present in this case, and the Court must abstain from reaching Petitioner's claims unless extraordinary circumstances exist which warrant interference with his ongoing criminal proceedings.

Petitioner argues that extraordinary circumstances exist because Imperial County is a relatively small county populated by a high proportion of state and federal law enforcement officers with two large state prisons.  (Pet. at 4-5.)  He states that the criminal charges against him arose from a riot at Calipatria in August of 2005 while he was a prisoner there, that the riot was covered by the local media, and that many of the jurors in his case will likely be police

1    officers, prison staff, and/or their friends, neighbors and family members.   (Id. at 6-6A.)  He

2    therefore contends that he cannot be provided with a fair trial in Imperial County due to biased

3    jurors and/or judges.  (Id. at 6A-6B.)  Petitioner appears to seek a change of venue for his

4    criminal trial (id. at 1), and attaches state court documents indicating he has exhausted state court

5    remedies through mandamus actions seeking a change of venue.

6         In the Motion for Stay, Petitioner requests that this Court stay his ongoing criminal

7    proceedings and order a change of venue for his trial.  (Pet.'s Mot. at 3-4.)  He acknowledges

8    that he must demonstrate extraordinary circumstances in order to avoid Younger abstention, and

9    contends he has made such a showing for the reasons alleged in the Petition, namely, that he

10   cannot receive a fair trial in Imperial County.  (Id. at 5-6.)

11        Petitioner does not present extraordinary circumstances necessary to avoid application

12   of the Younger abstention doctrine, but merely alleges that a high concentration of law

13   enforcement officers present in a County with a population of over $161,000^{1}$ might result in his

14   inability to impanel an impartial jury or be assigned an impartial judge.  The Supreme Court has

15   explained that the extraordinary circumstances exception to Younger is based on a policy of

16   restraint, which in turn is counseled by considerations of comity "founded on the 'basic doctrine

17   of equity jurisprudence that courts of equity should not act, and particularly should not act to

18   restrain a criminal prosecution, when the moving party has an adequate remedy at law and will

19   not suffer irreparable injury if denied equitable relief.'"  Kugler v. Helfant, 421 U.S. 117, 123

20   (1975), quoting Younger, 401 U.S. at 43-44.  The Court in Kugler gave examples of possible

21   situations which might rise to the level of extraordinary circumstances, including bad faith or

22   harassment by state officials responsible for the prosecution, where the state law is "flagrantly

23   and patently violative of express constitutional prohibitions," or where irreparable injury can

24   otherwise be shown.  Id.

25        Petitioner provides no basis for a finding that irreparable injury will arise if this Court

26   declines to interfere with his criminal proceedings.  Even assuming his allegations are true, that

27   _____

28        [1]  United States Census Bureau information for 2007.  See www.factfinder.census.gov last
     visited Nov. 6, 2008.

1   he will have a difficult time finding impartial judges or jurors due to the high proportion of law

2   enforcement officers residing in Imperial County, and/or due to the media coverage of the riot,

3   his federal constitutional right to a fair and impartial jury is well protected through his state

4   criminal proceedings.  This Court must therefore abstain from addressing Petitioner's claims.

5   Kugler, 421 U.S. at 123; Younger, 401 U.S. at 45-49; see also Drury v. Cox, 457 F.2d 764, 764-

6   65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have

7   federal interposition by way of injunction or habeas corpus until after the jury comes in,

8   judgment has been appealed from that the case concluded in the state courts.")

9       Because Petitioner requests this Court to interfere with ongoing criminal proceedings

10  which involve important state interests, and has failed to demonstrate that the state proceedings

11  do not afford him an adequate opportunity to raise his federal issues or that extraordinary

12  circumstances exist which would relieve this Court of its obligation to abstain from interfering

13  with his ongoing state criminal proceedings, his Motion for a Stay is **DENIED** and his Petition

14  is **DISMISSED** without prejudice.  Juidice v. Vail, 430 U.S. 327, 337 (1977) (holding that if

15  Younger abstention applies, a court may not retain jurisdiction but should dismiss the action

16  without prejudice.)

17      **CONCLUSION AND ORDER**

18      For the foregoing reasons, the Petitioner's request to proceed in forma pauperis is

19  **GRANTED**, his Motion for Stay is **DENIED**, and the Petition is **DISMISSED** without

20  prejudice because this Court must abstain from interfering with the ongoing state criminal

21  proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971).

22      **IT IS SO ORDERED.**

23  DATED:  November 13, 2008

24

25      Honorable Barry Ted Moskowitz
        United States District Judge

26

27

28

08cv2045